**SWARTZ CAMPBELL LLC**
**BY:**   Joseph A. Venuti, Jr.
Identification No. 0000631993
1000 Crawford Place, Suite 220
Mt. Laurel, New Jersey 08054
(856) 727-4777

Attorneys for Defendants,
320-322 Mount Prospect, LLC,
FriedLam Partners, LLC, and
FriedLam Management

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAI ANZJEL BOYD, an infant by her Guardian ad Litem, KENDELL BOYD, and KENDELL BOYD, Individually, Plaintiffs, | : : : : : | Civil Action<br><br>No. 2:18-cv-8770-SDW-SCM |
| v. | : : | |
| 320 MT. PROSPECT LIMITED LIABILITY COMPANY, 320 MP LLC, A NEW JERSEY LIMITED LIABILITY COMPANY, 320-322 MOUNT PROSPECT, LLC, FRIEDLAM PARTNERS, LLC, and FRIEDLAM MANAGEMENT, Defendants. | : : : : : : : : : : | ANSWER OF DEFENDANTS, 320-322 MOUNT PROSPECT, LLC, FRIEDLAM PARTNERS, LLC, AND FRIEDLAM MANAGEMENT, TO PLAINTIFFS' FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES, CROSS-CLAIMS, JURY DEMAND, AND CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2 |

Defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, LLC, and

FriedLam Management (collectively "Answering Defendants"), by and through their

attorneys, Swartz Campbell, LLC, hereby respond to plaintiffs' first amended complaint

as follows:

## **FIRST COUNT**

1.    Denied.   Answering Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in this paragraph

and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil

Procedure 8(b)(5).

2.      Denied.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

3.      Denied.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5) and which are also denied for including conclusions of law.

4.      Denied.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

5.      Denied.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

6.      Denied.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5) and which are also denied for including conclusions of law.

## SECOND COUNT

7.     Answering Defendants incorporate herein by reference their response to paragraphs 1 through 6 as if set forth at length.

8.     Denied.   The allegations set forth in this paragraph are denied as a conclusion of law.

9.     Denied.   The allegations set forth in this paragraph are denied as a conclusion of law.

## THIRD COUNT

10.    Answering Defendants incorporate herein by reference their response to paragraphs 1 through 9 as if set forth at length.

11.    Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

12.    Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

## FOURTH COUNT

13.    Answering Defendants incorporate herein by reference their response to paragraphs 1 through 12 as if set forth at length.

14.    Denied.   Answering Defendants are without knowledge or information

3

sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5) and which are also denied for including conclusions of law.

**FIFTH COUNT**

15.   Answering Defendants incorporate herein by reference their response to paragraphs 1 through 14 as if set forth at length.

16.   Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

17.   Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5) and which are also denied for including conclusions of law.

18.   Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5) and which are also denied for including conclusions of law..

**SIXTH COUNT**

19.   Answering Defendants incorporate herein by reference their response to paragraphs 1 through 18 as if set forth at length.

20.   Denied.   The allegations set forth in this paragraph are denied as a

4

conclusion of law.

21.   Denied.   The allegations set forth in this paragraph are denied as a conclusion of law.

## SEVENTH COUNT

22.   Answering Defendants incorporate herein by reference their response to paragraphs 1 through 21 as if set forth at length.

23.   Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

24.   Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

## EIGHTH COUNT

25.   Answering Defendants incorporate herein by reference their response to paragraphs 1 through 24 as if set forth at length.

26.   Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, said allegations are deemed denied pursuant to Federal Rule of Civil Procedure 8(b)(5) and which are also denied for including conclusions of law.

**NINTH COUNT**

27.   Answering Defendants incorporate herein by reference their response to paragraphs 1 through 26 as if set forth at length.

28.   Denied.   All allegations of fact and conclusions of law set forth in this paragraph are denied.

29.   Denied.   All allegations of fact and conclusions of law set forth in this paragraph are denied.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

**TENTH COUNT**

30.   Answering Defendants incorporate herein by reference their response to paragraphs 1 through 29 as if set forth at length.

31.   Denied.   The allegations set forth in this paragraph are denied as a conclusion of law.

32.   Denied.   The allegations set forth in this paragraph are denied as a conclusion of law.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## ELEVENTH COUNT

33.    Answering Defendants incorporate herein by reference their response to paragraphs 1 through 32 as if set forth at length.

34.    Denied.   All allegations of fact and conclusions of law set forth in this paragraph are denied.

35.    Denied.   All allegations of fact and conclusions of law set forth in this paragraph are denied.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## TWELFTH COUNT

36.    Answering Defendants incorporate herein by reference their response to paragraphs 1 through 35 as if set forth at length.

37.    Denied.   All allegations of fact and conclusions of law set forth in this paragraph are denied.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## THIRTEENTH COUNT

38.    Answering Defendants incorporate herein by reference their response to

paragraphs 1 through 37 as if set forth at length.

39.   Denied.   All allegations of fact and conclusions of law set forth in this paragraph are denied.

40.   Denied.   All allegations of fact and conclusions of law set forth in this paragraph are denied.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## FOURTEENTH COUNT

41.   Answering Defendants incorporate herein by reference their response to paragraphs 1 through 40 as if set forth at length.

42.   Denied.   The allegations set forth in this paragraph are denied as a conclusion of law.

43.   Denied.   The allegations set forth in this paragraph are denied as a conclusion of law.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## FIFTEENTH COUNT

44.   Answering Defendants incorporate herein by reference their response to

paragraphs 1 through 43 as if set forth at length.

45.   Denied.   All allegations of fact and conclusions of law set forth in this paragraph are denied.

46.   Denied.   All allegations of fact and conclusions of law set forth in this paragraph are denied.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## SIXTEENTH COUNT

47.   Answering Defendants incorporate herein by reference their response to paragraphs 1 through 46 as if set forth at length.

48.   Denied.   All allegations of fact and conclusions of law set forth in this paragraph are denied.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## SEVENTEENTH COUNT

49.   Answering Defendants incorporate herein by reference their response to paragraphs 1 through 48 as if set forth at length.

50.   Denied.   All allegations of fact and conclusions of law set forth in this

paragraph are denied.

51.    Denied.   All allegations of fact and conclusions of law set forth in this paragraph are denied.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## EIGHTEENTH COUNT

52.    Answering Defendants incorporate herein by reference their response to paragraphs 1 through 51 as if set forth at length.

53.    Denied.   The allegations set forth in this paragraph are denied as a conclusion of law.

54.    Denied.   The allegations set forth in this paragraph are denied as a conclusion of law.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## NINETEENTH COUNT

55.    Answering Defendants incorporate herein by reference their response to paragraphs 1 through 54 as if set forth at length.

56.    Denied.   All allegations of fact and conclusions of law set forth in this

paragraph are denied.

57.   Denied.  All allegations of fact and conclusions of law set forth in this paragraph are denied.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## TWENTIETH COUNT

58.   Answering Defendants incorporate herein by reference their response to paragraphs 1 through 57 as if set forth at length.

59.   Denied.  All allegations of fact and conclusions of law set forth in this paragraph are denied.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## TWENTY-FIRST COUNT

60.   Answering Defendants incorporate herein by reference their response to paragraphs 1 through 59 as if set forth at length.

61.   Denied.  All allegations of fact and conclusions of law are denied.

62.   Denied.  The allegations set forth in this paragraph are denied as a conclusion of law.

WHEREFORE, defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, and FriedLam Management, demand judgment in their favor and against plaintiffs together with counsel fees, costs of suit, and any other relief this court may deem appropriate.

## AFFIRMATIVE DEFENSES

### First Separate Defense

Answering Defendants owed no duty to plaintiffs.

### Second Separate Defense

Answering Defendants violated no duty allegedly owed to plaintiffs.

### Third Separate Defense

Answering Defendants were not negligent as they acted reasonably and in accordance with all applicable legal standards.

### Fourth Separate Defense

Answering Defendants' conduct was not the cause in fact or proximate cause of plaintiffs' alleged injuries and/or damages.

### Fifth Separate Defense

Plaintiffs' alleged injuries and/or damages were the proximate result of the negligence and/or other wrongful conduct of persons and/or entities over whom the Answering Defendants had no control, right of control, or supervision.

### Sixth Separate Defense

Plaintiffs' alleged damages were caused, in whole or in part, by their own contributory negligence and, thus, their claims are barred and/or subject to

comparative reduction pursuant to N.J.S.A. 2A:15-1.1, et seq.

### Seventh Separate Defense

Plaintiffs' claims are limited or barred as a result of their failure to mitigate damages.

### Eighth Separate Defense

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### Ninth Separate Defense

Plaintiffs' claims are barred because they voluntarily assumed the risk of their own conduct.

### Tenth Separate Defense

Plaintiffs' alleged damages were caused by the superseding and intervening acts of other parties and/or persons.

### Eleventh Separate Defense

Plaintiffs' claims are barred by the doctrine of waiver.

### Twelfth Separate Defense

Plaintiffs' claims are barred by the doctrine of laches.

### Thirteenth Separate Defense

Plaintiffs' claims are barred by the doctrine of equitable estoppel.

### Fourteenth Separate Defense

Plaintiffs' claims are barred by the doctrine of collateral estoppel.

### Fifteenth Separate Defense

Plaintiffs' claims are barred by the entire controversy doctrine.

### Sixteenth Separate Defense

Plaintiffs' claims are barred by the doctrine of res judicata.

### Seventeenth Separate Defense

Plaintiffs' claims are barred by the doctrine of judicial estoppel.

### Eighteenth Separate Defense

Plaintiffs' claims are barred by the doctrine of avoidable consequences.

### Nineteenth Separate Defense

Plaintiffs' claims are barred because they failed to name necessary and indispensable parties.

### Twentieth Separate Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Twenty-First Separate Defense

Plaintiffs' claims are barred under the terms and conditions of their lease.

### Twenty-Second Separate Defense

Plaintiffs' claims are barred by the doctrine of release.

### Twenty-Third Separate Defense

Answering Defendants were not aware of and had no notice of plaintiffs' exposure to lead.

### Twenty-Fourth Separate Defense

Plaintiffs' claims are barred because they cannot demonstrate that they were

14

exposed to lead while residing in apartment Apt. 3 at 90 Second Avenue/320-322 Mount Prospect Avenue, in Newark, New Jersey.

### Twenty-Fifth Separate Defense

Plaintiffs' claims are barred because they cannot demonstrate that they were exposed to a hazardous level of lead.

### Twenty-Sixth Separate Defense

Plaintiffs' claims are barred because they cannot establish actual loss.

### Twenty-Seventh Separate Defense

Plaintiffs fail to state a claim in negligence.

### Twenty-Eighth Separate Defense

Plaintiffs fail to state a claim in breach of warranty.

### Twenty-Ninth Separate Defense

Plaintiffs fail to state a claim for nuisance.

### Thirtieth Separate Defense

Plaintiffs' fail to state a claim under the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C.S. §4852d and 24 C.F.R. §35 or any other federal or state statutory authority.

### Thirtieth Separate Defense

Plaintiffs fail to state any other claim in the first amended complaint.

### CROSS-CLAIM FOR CONTRIBUTION

Answering Defendants hereby demand contribution from all co-defendants in accordance with the provisions of the Joint Tortfeasors Contribution Law set forth at

N.J.S.A. 2A:53A-1, et seq., and N.J.S.A. 2A:15-5.3 and under any federal statutory and/or other authority.

## CROSS-CLAIM FOR INDEMNIFICATION

While denying any liability to plaintiffs, Answering Defendants assert that in the event they are found liable to plaintiffs for damages in any respect, their liability is passive, secondary and vicarious and they are entitled to indemnification from all co-defendants whose wrongful conduct was active, primary, direct, and independent.

## JURY DEMAND

Answering Defendants hereby demand a trial by jury on all issues.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

It is hereby certified that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and no other action, arbitration, or administrative proceeding is contemplated.

SWARTZ CAMPBELL LLC

BY: /s/ Joseph A. Venuti, Jr.
　　 Joseph A. Venuti, Jr.
　　 Attorney for Defendants,
　　 320-322 Mount Prospect, LLC,
　　 FriedLam Partners, LLC, and
　　 FriedLam Management

Date:   April 18, 2019

16

## CERTIFICATE OF SERVICE

I, Joseph A. Venuti, Jr., counsel for defendants, 320-322 Mount Prospect, LLC, FriedLam Partners, LLC, and FriedLam Management, hereby certify that service of defendants' answer to plaintiffs' first amended complaint was made by delivering true and correct copies of same by electronic filing to the attorneys listed below on April 18, 2019:

Emanuel S. Fish, Esquire
Law Offices of Emanuel Fish
2040 Millburn Avenue
Maplewood, NJ 07040

George H. Buermann, Esquire
Goldberg Segalla, LLP
1037 Raymond Boulevard
Newark, NJ 07102

Ria Rana, Esquire
Goldberg Segalla, LLP
711 3rd Avenue
Suite 1900
New York, NY 10017

Joshua L. Milrad, Esquire
Goldberg Segalla, LLP
100 Pearl Street, Suite 1100
Hartford, CT 06103

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

SWARTZ CAMPBELL LLC

BY: /s/ Joseph A. Venuti, Jr.
    Joseph A. Venuti, Jr.
    Attorneys for Defendants,
    320-322 Mount Prospect, LLC,
    FriedLam Partners, LLC, and
    FriedLam Management