**GOLDBERG SEGALLA LLP**
Joshua L. Milrad, Esq.
*Attorneys for Defendant 320 MP LLC*
100 Pearl Street, Suite 1100
Hartford, CT 06103-4506
Tel:    860.760.3328
jmilrad@goldbersegalla.com

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

-------------------------------------------------------X
MAI ANZJEL BOYD, an infant by her
Guardian ad Litem, KENDELL BOYD and
KENDELL BOYD, Individually,

                *Plaintiffs,*

   vs.

320 MT. PROSPECT LIMITED
LIABILITY COMPANY and 320 MP LLC, A
NEW JERSEY LIMITED LIABILITY
COMPANY

                *Defendant.*
-------------------------------------------------------X

**Document Filed Electronically**

**Civil Action No. 2:18-cv-08770**

**DEFENDANT 320 MP LLC'S ANSWER, SEPARATE DEFENSES, AND CROSS CLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant 320 MP LLC, A New Jersey Limited Liability Company (hereinafter "Answering Defendant") by and through its attorneys, Goldberg Segalla LLP, by way of Answer to Plaintiffs' First Amended Complaint ("Plaintiffs' Complaint") dated February 22, 2019 state as follows:

**FIRST COUNT**

1.     Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.     Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Complaint.

## SECOND COUNT

7. Responding to paragraph 7 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

8. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Complaint and refers all questions of law to the Court.

9. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Complaint and refers all questions of law to the Court.

## THIRD COUNT

10. Responding to paragraph 10 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

11. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiffs' Complaint and refers all questions of law to the Court.

12. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' Complaint and refers all questions of law to the Court.

## FOURTH COUNT

13. Responding to paragraph 13 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

14. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiffs' Complaint and refers all questions of law to the Court.

## FIFTH COUNT

15. Responding to paragraph 15 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

16. Answering Defendant denies in the form alleged the truth of the allegations contained in paragraph 16 of the Complaint, except admits that 320 MP, LLC owned the premises located at 320 Mt. Prospect Avenue, Apt. 3, Newark, New Jersey.

17. Answering Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Answering Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

## SIXTH COUNT

19. Responding to paragraph 19 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

20. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. Answering Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

## SEVENTH COUNT

22. Responding to paragraph 22 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

23. Answering Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. Answering Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

## EIGHTH COUNT

25. Responding to paragraph 25 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

26. Answering Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

## NINTH COUNT

27. Responding to paragraph 27 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

28. Paragraph 28 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint with respect to it.

29. Paragraph 29 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint with respect to it.

## TENTH COUNT

30. Responding to paragraph 30 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

31. Paragraph 31 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Complaint with respect to it.

32. Paragraph 32 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 32 of Plaintiffs' Complaint with respect to it.

## ELEVENTH COUNT

33. Responding to paragraph 33 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

34. Paragraph 34 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Complaint with respect to it.

35. Paragraph 35 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint with respect to it.

## TWELFTH COUNT

36. Responding to paragraph 36 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

37. Paragraph 37 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required,

Answering Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint with respect to it.

### THIRTEENTH COUNT

38. Responding to paragraph 38 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

39. Paragraph 39 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint with respect to it.

40. Answering Defendant denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

### FOURTEENTH COUNT

41. Responding to paragraph 41 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

42. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43. Paragraph 43 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 43 of Plaintiffs' Complaint with respect to it.

## FIFTEENTH COUNT

44. Responding to paragraph 44 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

45. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46. Paragraph 46 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 46 of Plaintiffs' Complaint with respect to it.

## SIXTEENTH COUNT

47. Responding to paragraph 47 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

48. Paragraph 48 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 48 of Plaintiffs' Complaint with respect to it.

## SEVENTEENTH COUNT

49. Responding to paragraph 49 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

50. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51. Paragraph 51 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 51 of Plaintiffs' Complaint with respect to it.

## EIGHTEENTH COUNT

52. Responding to paragraph 52 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

53. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54. Paragraph 54 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 54 of Plaintiffs' Complaint with respect to it.

## NINETEENTH COUNT

55. Responding to paragraph 55 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

56. Answering Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57. Paragraph 57 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 57 of Plaintiffs' Complaint with respect to it.

## TWENTIETH COUNT

58. Responding to paragraph 58 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

59. Paragraph 59 pertains to Plaintiffs' allegations against co-defendant and does not require an answer by Answering Defendant. To the extent an answer is deemed to be required, Answering Defendant denies the allegations contained in paragraph 59 of Plaintiffs' Complaint with respect to it.

## TWENTY-FIRST COUNT

60. Responding to paragraph 60 of the Complaint, Answering Defendant repeats and reiterates all responses made to the preceding paragraphs with the same force and effect as if set forth at length herein.

61. Answering Defendant denies the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62. Answering Defendant denies the allegations contained in paragraph 62 of Plaintiffs' Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim against Answering Defendant upon which relief can be granted.

22776024.v1

## SECOND SEPARATE DEFENSE

Answering Defendant reserves the right to move before or at the time of trial to strike the Complaint on the ground that the within action is barred by the applicable Statute of Limitations.

## THIRD SEPARATE DEFENSE

At the time and place mentioned in the Complaint, Answering Defendant was not guilty of any negligence, whether by act of commission or omission, which was a proximate cause of the alleged accident, injuries and damages of which Plaintiffs complain.

## FOURTH SEPARATE DEFENSE

Plaintiffs' claims against the Answering Defendant are barred by Plaintiff's contributory negligence pursuant to N.J.S.A. 2A:15-5.1.

## FIFTH SEPARATE DEFENSE

The claims of Plaintiffs set forth in the Complaint are barred in whole or in part by comparative negligence pursuant to the Statutes of the State of New Jersey.

## SIXTH SEPARATE DEFENSE

The injuries or damages complained of by Plaintiffs were proximately caused by the actions, omissions or negligence of third parties over whom Answering Defendant had no direction, control, nor right of control.

## SEVENTH SEPARATE DEFENSE

At the time and place mentioned in the Complaint, Answering Defendant did not violate any legal duty owed by them to Plaintiffs.

## EIGHTH SEPARATE DEFENSE

While denying the allegations of Plaintiffs with respect to liability, injuries and damages, to the extent that Plaintiffs may be able to prove liability, injuries and damages, which is denied, such liability, injuries and damages were the result of intervening and/or superseding acts on the part of parties over whom Answering Defendant had neither direction, control, nor right of control.

## NINTH SEPARATE DEFENSE

Plaintiffs assumed the risks and were fully cognizant of any and all circumstances surrounding the alleged incident or conditions about which Plaintiffs complain in the Complaint.

## TENTH SEPARATE DEFENSE

The incident, injuries and damages complained of were proximally caused or contributed to by third persons not parties to this litigation. The liability of Answering Defendant, if any, which is denied, and the right of Plaintiffs to recover in this litigation can only be determined by determining the percentages of liability of all parties to the incident, whether or not such entities or individuals are parties to this litigation. Accordingly, Answering Defendant seeks an adjudication of the percentage of fault of Plaintiff and of each and every other person or entity whose fault contributed to the alleged incident, injuries and damages.

## ELEVENTH SEPARATE DEFENSE

Answering Defendant was not guilty of any negligence, wrongdoing, carelessness or breach of duties as contended by Plaintiffs.

## TWELFTH SEPARATE DEFENSE

Discovery may show that Plaintiffs' damages, if any, are limited, in whole or in part, by Plaintiffs' failure to mitigate.

### THIRTEENTH SEPARATE DEFENSE

The injuries and damages allegedly sustained by Plaintiffs were not reasonably foreseeable.

### FOURTEENTH SEPARATE DEFENSE

Plaintiffs failed to join necessary and essential parties to this litigation.

### FIFTEENTH SEPARATE DEFENSE

Upon information and belief, any costs, loss or expenses incurred or to be incurred by the Plaintiffs for medical care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in N.J.S.A. 2A:15-97.

### SIXTEENTH SEPARATE DEFENSE

Plaintiffs' damages must be diminished in proportion to culpable conduct in accordance with N.J.S.A. 2A:15-5.1.

### SEVENTEENTH SEPARATE DEFENSE

The Complaint is barred in whole or in part by virtue of the doctrines of waiver, laches, and judicial and/or common law estoppel.

### EIGHTEENTH SEPARATE DEFENSE

Any award made to Plaintiffs for the alleged injuries must be reduced in such proportion that the alleged injuries were caused, aggravated and contributed to by Plaintiffs' failure to mitigate damages.

### NINETEENTH SEPARATE DEFENSE

Upon information and belief, Plaintiff/legal guardian failed to seek proper, adequate and prompt medical attention of the infant plaintiff.

### TWENTIETH SEPARATE DEFENSE

Upon information and belief, Plaintiff/legal guardian entrusted the infant Plaintiff with a dangerous instrument, failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

### TWENTY-FIRST SEPARATE DEFENSE

Upon information and belief, the infant Plaintiff's injuries, if any, are not the result of lead exposure.

### TWENTY-SECOND SEPARATE DEFENSE

Upon information and belief, the infant Plaintiff's alleged symptoms, if any, are not the result of lead exposure.

### TWENTY-THIRD SEPARATE DEFENSE

The infant Plaintiff's alleged bodily injuries or symptoms, if any, are not the result of lead exposure on the property located at 90 Second Avenue/320-322 Mt. Prospect Avenue, Apt. 3, Newark, New Jersey.

### TWENTY-FOURTH SEPARATE DEFENSE

The infant Plaintiff's alleged injuries related to lead exposure, if any, are the result of lead exposure received at a location other than 90 Second Avenue/320-322 Mt. Prospect Avenue, Apt. 3, Newark, New Jersey.

### TWENTY-FIFTH SEPARATE DEFENSE

Upon information and belief, the infant Plaintiff's lead exposure, if any, was the result of urban dust over which defendant had no control and had no duty to control.

### TWENTY-SIXTH SEPARATE DEFENSE

The infant Plaintiff's lead exposure, if any, was derived from items brought onto the premises located at 90 Second Avenue/320-322 Mt. Prospect Avenue, Apt. 3, Newark, New Jersey, which were not a part of the premises.

**TWENTY-SEVENTH SEPARATE DEFENSE**

Answering Defendant had no notice of the existence of lead at the premises.

**TWENTY-EIGHTH SEPARATE DEFENSE**

Answering Defendant had no notice of the infant Plaintiff's alleged exposure to lead at the premises.

**TWENTY-NINTH SEPARATE DEFENSE**

Upon information and belief, Answering Defendant had no notice of the infant Plaintiff's residency and/or presence on the premises.

**THIRTIETH SEPARATE DEFENSE**

The infant Plaintiff's injuries, symptoms and/or problems, if any, are the result of genetic, environmental and/or sociological factors over which Answering Defendant had no control and had no duty to control.

**THIRTY-FIRST SEPARATE DEFENSE**

That if the infant Plaintiff was caused to sustain the damages as alleged in the Complaint, then the said negligence was that of the infant Plaintiff's parents/legal guardians in their active, primary and sole negligence for the injuries alleged in the Complaint herein, and any negligence on the part of the Answering Defendant was merely passive or secondary in nature, and if Plaintiffs recover a verdict and judgment against the Answering Defendant, then the infant Plaintiff's parents/legal guardians will be liable to and bound to indemnify the Answering Defendant, and the Answering Defendant will be entitled to recover judgment over and against

said parents or legal guardians in whole or in part of any judgment which might be awarded to or recovered by the said Plaintiffs or in such amount as the Court or jury may find and that the trier of the facts should determine and resolve the issues of negligence as between this Answering Defendant, if any, and of the infant Plaintiff's parents/legal guardians and apportion same accordingly.

## THIRTY-SECOND SEPARATE DEFENSE

Answering Defendant is still investigating the allegations against it in this suit. As such, Answering Defendant specifically reserves the right to supplement and/or amend these affirmative defenses to potentially add new or different defenses.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST THE CO-DEFENDANTS FOR COMMON LAW INDEMNIFICATION

If Plaintiffs were caused to sustain injuries and/or damages at the time and place and in the manner set forth in the Plaintiffs' Complaint through any carelessness, recklessness, or negligence, other than Plaintiffs' own carelessness, recklessness, or negligence, then the injuries and damages were caused and sustained by reason of the sole active and primary carelessness, recklessness, negligence, and/or acts or omissions of Defendants 320 Mt. Prospect Limited Liability Company, 320-322 Mount Prospect, LLC, FriedLam Partners LLC, and FriedLam Management, their servants, agents, employees, contractors and/or subcontractors, and if any verdict or judgment is recovered herein against the Answering Defendant, then the Answering Defendant is entitled to indemnification, and thereby Defendants 320 Mt. Prospect Limited Liability Company, 320-322 Mount Prospect, LLC, FriedLam Partners LLC, and FriedLam Management will be primarily liable.

By reason of the foregoing, the Answering Defendant is entitled to have judgment over and against Defendants 320 Mt. Prospect Limited Liability Company, 320-322 Mount Prospect,

22776024.v1

LLC, FriedLam Partners LLC, and FriedLam Management and as to any sum awarded against the Answering Defendant, including costs, expenses and attorneys' fees.

### AS AND FOR A SECOND CROSS- CLAIM AGAINST CO-DEFENDANTS FOR CONTRIBUTION

If Plaintiffs sustained the damages in the manner and at the time and place alleged, which is denied, and it is found that the are liable to any party herein, all of which is specifically denied, then the Answering Defendant, on the basis of apportionment of responsibility for the alleged occurrence, are entitled to contribution and judgment over and against Defendants 320 Mt. Prospect Limited Liability Company, 320-322 Mount Prospect, LLC, FriedLam Partners LLC, and FriedLam Management

By reason of the foregoing, the Answering Defendants are entitled to have judgment over and against Defendants 320 Mt. Prospect Limited Liability Company, 320-322 Mount Prospect, LLC, FriedLam Partners LLC, and FriedLam Management as to any sum awarded against the Answering Defendants, including costs, expenses, and attorneys' fees.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT 320-322 MOUNT PROSPECT LIMITED LIABILITY COMPANY FOR CONTRACTUAL INDEMNIFICATION

If Plaintiffs were caused to sustain injuries and/or damages at the time and place and in the manner set forth in the Plaintiffs' Complaint through any carelessness, recklessness, or negligence, other than Plaintiffs' own carelessness, recklessness, or negligence, then the injuries and damages were caused and sustained by reason of the sole active and primary carelessness, recklessness, negligence, and/or acts or omissions of Defendant 320-322 Mount Prospect, LLC, its servants, agents, employees, contractors and/or subcontractors, and if any verdict or judgment is recovered herein against the Answering Defendant, then the Answering Defendant is entitled to contractual indemnification as set forth in the Property Management and Partnership

22776024.v1

Agreement between Answering Defendant and Defendant 320-322 Mount Prospect, LLC, and thereby Defendant 320-322 Mount Prospect, LLC will be primarily liable.

By reason of the foregoing, the Answering Defendant is entitled to have judgment over and against Defendant 320-322 Mount Prospect, LLC and as to any sum awarded against the Answering Defendant, including costs, expenses and attorneys' fees.

**WHEREFORE**, Answering Defendant demands judgment as follows:

(1) Dismissing the Plaintiffs' First Amended Complaint in its entirety with prejudice;

(2) Granting Answering Defendant costs, disbursements, and attorneys' fees; and

(3) For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 23, 2019

By:    */s/ Joshua L. Milrad*
Joshua L. Milrad, Esq.
GOLDBERG SEGALLA, LLP
*Attorneys for Defendant 320 MP LLC*
100 Pearl Street, Suite 1100
Hartford, CT 06103-4506
Tel:    860.760.3328
jmilrad@goldbersegalla.com

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this date I caused a copy of the foregoing Answer to be served upon counsel for Plaintiffs via e-filing and FedEx Overnight Delivery to Emanuel S. Fish, Esq.

22776024.v1

and Edward F. Szep, Esq. of the Law Offices of Emanuel S. Fish, Esq. at 2040 Millburn Avenue, Suite 104, Maplewood, New Jersey 07040.  I hereby further certify that I caused a copy of the foregoing documents to be served via e-filing and FedEx Overnight Delivery to the Clerk of the U.S. District Court, District of New Jersey, 50 Walnut Street, Room 4015, Newark, NJ 07101.

Dated: New York, New York
April 22, 2019

By:   */s/ Joshua L. Milrad*
Joshua L. Milrad, Esq.
GOLDBERG SEGALLA, LLP
*Attorneys for Defendant 320 MP LLC*
100 Pearl Street, Suite 1100
Hartford, CT 06103-4506

22776024.v1