## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| MAI ANZJEL BOYD, an infant by her Guardian ad Litem, KENDALL BOYD, and KENDALL BOYD, Individually,<br><br>                Plaintiffs,<br>v.<br><br>320 MT. PROSPECT LLC, 320 MP LLC, a New Jersey Limited Liability Company, 320-322 Mount Prospect, LLC, FriedLam Partners, LLC, and FriedLam Management,<br><br>                Defendants. | Civil Action No.<br><br>2:18-CV-8770-SDW-SCM<br><br>**PLAINTIFFS' MOTION TO REMAND**<br><br>**[D.E. 72]** |

## <u>REPORT AND RECOMMENDATION</u>

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is a motion to remand, filed by Plaintiffs Kendall Boyd ("Ms. Boyd") and her daughter Mai Anzjet Boyd ("Mai"), a minor, (together the "Boyds").[1] Defendants 320-322 Mount Prospect, LLC, FriedLam Partners LLC, FriedLam Management, and 320 MP LLC[2] (collectively, the "Prospect LLCs") oppose the motion.[3] The Honorable Susan D. Wigenton,

---

[1] (ECF Docket Entry No. ("D.E." 72, Pl.'s Mot. to Remand)). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System. The Court notes that the first name of the guardian *ad litem* is spelled "Kendall" in the caption of the Second Amended Complaint and "Kendell" in the body of the same document. This writing will use the spelling from the caption.

[2] Defendant 320 Mt. Prospect LLC did not join in the motion. Default was entered against said defendant on March 14, 2019 for failure to plead or otherwise defend.

[3] (D.E. 73, Defs.' Br.).

United States District Judge, referred this motion to the undersigned for report and recommendation. Having reviewed and considered the parties' submissions, it is respectfully recommended that the Boyds' motion to remand be **GRANTED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY[4]

This is a personal injury action stemming from allegations that Mai, an infant, ingested lead while she resided with her mother, Ms. Boyd, at 90 Second Avenue a/k/a 320-322 Mount Prospect Avenue, Newark, New Jersey (the "Premises").[5]

The Boyds filed their initial complaint in the Superior Court of New Jersey, Essex County, on or about April 6, 2018.[6] The initial complaint was filed by the Boyds against only two of the currently named defendants, 320 Mt. Prospect, LLC and 320 MP LLC, a New Jersey Limited Liability Company (the "Original Defendants") as the purported owners of the Premises.[7]

The Original Defendants filed a Notice of Removal on May 3, 2018, asserting therein that this Court has original jurisdiction over the action because the Initial Complaint includes a claim that arises under federal law.[8] On July 25, 2018, the Court entered a pretrial scheduling order requiring, in part, that the parties submit amended pleadings by September 28, 2018.[9]

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 72-2, Pl.s' Br., at 5).

[6] *Id.* at 4.

[7] *Id.* at 4-5.

[8] (D.E. 1, Notice of Removal, at ¶ 3) (citing 28 U.S.C. § 1331 and 28 U.S.C. § 1441).

[9] (D.E. 10, Order, at ¶ 13).

On February 22, 2019, the Boyds filed their First Amended Complaint, with the consent of all parties, thereby adding 320-322 Mount Prospect LLC, FriedLam Partners LLC, and FriedLam Management as defendants to this action.[10]

On August 12, 2019, the Court was informed that Emanuel Fish, Esq., counsel for the Boyds, died unexpectantly.[11] On October 25, 2019, Paul A. O'Conner, III, Esq. substituted into the case for the Law Office of Emanuel S. Fish.[12]

On October 31, 2019, the Court held a status conference wherein Mr. O'Conner advised that, upon reviewing the case, he planned to dismiss the federal claims identified in the First Amended Complaint after determining that the claims were baseless.[13] The Prospect LLCs opposed the dismissal of the federal claims.[14] On November 26, 2019, the Court ordered the Prospect LLCs to show cause why the federal claims should not be dismissed if there is no basis for them.[15] The Prospect LLCs responded that no party to "litigation should ever maintain baseless claims" and "agree that Plaintiff's federal claims are in fact baseless."[16]

---

[10] (D.E. 21-1, First Amended Compl.).

[11] (D.E. 50, Pl.s' Letter).

[12] (D.E. 54, Sub. of Attny.).

[13] (D.E. 59, Pl.s' Letter).

[14] (D.E. 58, Def.s' Letter).

[15] (D.E. 60, Order).

[16] (D.E. 61, Def.s' Letter).

The Second Amended Complaint, removing the federal claims, was ultimately filed on February 4, 2020.[17]

On February 11, 2020, the Boyds filed this Motion to Remand.[18]

## II.    **LEGAL STANDARD**

As a preliminary matter, a district court has subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States[.]"[19] A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[20]

A civil action brought in state court may be removed to federal court if the federal court has original jurisdiction to hear the matter.[21]  A district court has original jurisdiction over an action when there is either diversity jurisdiction or when there is federal question jurisdiction.[22] "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."[23]

---

[17] (D.E. 71, Second Amended Compl.).

[18] (D.E. 72, Motion to Remand).

[19] 28 U.S.C. § 1331.

[20] *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-8 (1983).

[21] 28 U.S.C. § 1441(a).

[22] *Cabibbo v. Parsons Inspection & Maintenance Corp.*, 09-3213 (DRD), 2009 WL 3074731, at *3 (D.N.J. Sept. 23, 2009).

[23] *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (internal citations omitted).

Where a case has been removed to federal court on the basis of federal question jurisdiction, a district court may remand the case back to state court when all federal claims have been dropped and only pendent[24] state law claims remain.[25] A district court "may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."[26][27] "The general approach is for a district court to ... hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction."[28]

---

[24] "Pendent jurisdiction…exists whenever there is a claim 'arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority…,' U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725 (1966).

[25] *Monk v. New Jersey,* No. 14–1399, 2014 WL 4931309, at *3 (D.N.J. Oct. 2, 2014) (internal citations omitted); *see also Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 347 (1988).

[26] 28 U.S.C. § 1367(c)(3).

[27] The supplemental jurisdiction statute, *i.e*., 28 U.S.C. § 1367, codified the pendent jurisdiction doctrine in *Gibbs*. The statute provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…The district courts may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(a) and (c).

[28] *Schaffer v. Twp. of Franklin,* Civ. No. 09–347, 2010 WL 715349, *1 (D.N.J. Mar. 1, 2010).

In this District, courts have declined to exercise supplemental jurisdiction over state law claims where the federal claims were eliminated by amendment, and the action was in its early stages.[29] While courts consider the possibility of forum manipulation when a party drops or dismisses its federal claims, this is "but one factor to be considered among the factors of economy, convenience, fairness, and comity."[30] In *Cabibbo*, the court remanded an action despite defendants' suggestion that plaintiff's withdrawal of preempted claims after removal constituted forum manipulation.[31] The court noted that, in withdrawing the claims, plaintiff may have realized that those claims were unlikely to succeed.[32] The court also noted that it had not expended substantial resources on the case; the case was in its initial phases; and plaintiff was attempting to vindicate substantive state rights independent of the former claims.[33]

---

[29] *See*, *e.g.*, *Alicea v. Outback Steakhouse, et al*., 10-4702(JLL), 2011 WL 2444235 (D.N.J. June 9, 2011) and 2011 WL 1675036 (D.N.J. May 3, 2011) (declining to exercise supplemental jurisdiction and remanding the action where Plaintiff amended complaint and dropped federal claims); *Bonanni v. Purdy*, No. 13-6212(JBS/AMD), 2013 WL 6579129, at *2 (D.N.J. Dec. 13, 2013) (remanding and declining to retain supplemental jurisdiction where Plaintiff amended complaint to eliminate federal claim where initial reference to federal claim was allegedly inadvertent); *Pacheco v. Rosenberg*, No. 12-4513-ES-SCM, 2013 WL 588246 (D.N.J. Feb. 13, 2013) and 2013 WL 588225, at *5 (D.N.J. Jan. 24, 2013) (remanding the action and decline to exercise supplemental jurisdiction over state claims, where party voluntarily dismissed federal claims); *Cabibbo*, 2009 WL 3074731, at *7 (remanding the action after Plaintiff amended complaint to leave only state law claims). *See also Andre Simmons v. New Jersey Dept. of Corrections*, No. 14-7205 (FLW), 2015 WL 3488137, *4 (D.N.J. June 2, 2015) ("Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.").

[30] *See Cabibbo*, 2009 WL 3074731, at *7 (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 357 (1988)).

[31] *Id.* at *7.

[32] *Id.*

[33] *Id.*

## III.    <u>DISCUSSION & ANALYSIS</u>

The question at issue is whether this Court should exercise supplemental jurisdiction over the state law claims in this case, now that no federal claims exist. As an initial matter, the Court no longer has subject matter jurisdiction because the Second Amended Complaint abjured the federal claims, specifically, the Twenty First Count- the Prospect LLCs' knowing/negligent failure to comply with 42 U.S.C. 485d, and 24 C.F.R. § 35, *et seq*.  The Court also does not have diversity jurisdiction because both the Boyds and the Prospect LLCs are citizens of New Jersey.

Because the Court has been divested of subject matter jurisdiction over this action, it must determine whether to exercise its discretion to adjudicate claims over which it has supplemental jurisdiction .[34]  The facts and circumstances lean heavily in favor of remand and it is respectfully recommended that the Court decline to exercise supplemental jurisdiction over this action.

First, the Court finds that the Boyds did not engage in manipulative tactics to change the forum. The prior counsel for the Boyds drafted a Complaint and First Amended Complaint alleging, in part, known or negligent violation of federal statutes and regulations by failing to disclose information concerning lead to Ms. Boyd, as is required by law. After the Boyds obtained a new attorney, they sought to amend the First Amended Complaint to remove the federal claims that new counsel for the Boyds determined were baseless.  This case can be compared to *Cabibbo*, where the court remanded the case after only postulating that plaintiff may have realized that particular claims were unlikely to succeed, and where the other factors favored remand.  In this

---

[34] 28 U.S.C. § 1367(c).

action, in contrast, the Boyds amended the complaint and sought remand after making an actual determination that the Twenty First Count was baseless.[35]

I recommend the Court find that the Second Amended Complaint was a result of an attorney entering a case and determining that the prior attorney's First Amended Complaint included federal claims that had no substantive basis,[36] rather than stemming from a forum-manipulating motivation. I further recommend the Court finds that this determination was reasonable rather than a manipulative tactic designed to eliminate jurisdiction, as upon reviewing the relevant materials in the case, new counsel for the Boyds determined the federal claims were inappropriate in light of having discovered a disclosure form, purportedly executed by Ms. Boyd, that reflects the Prospect LLCs' disclosure of the lead paint.[37]

Second, the factors of economy and convenience weigh in favor of remand. As with many of the cases in this District in which courts declined to exercise supplemental jurisdiction, this case is in its initial stages.[38] The litigation that has taken place thus far in this matter only includes: the filing of an informal motion to amend, this Motion to Remand, and the exchange of paper discovery. Responses to discovery were produced by the Boyds in February of 2020, just prior to the pandemic caused by COVID-19 which has hindered litigation. Due to the majority of the claims

---

[35] See (D.E. 72-1, Pl. Br. at ¶¶ 24-7); *Cabibbo*, 2009 WL 3074731, at *7.

[36] New counsel for the Boyds also reviewed the "limited discovery exchanged" between the parties at the time of his review of the case file. (See D.E. 72, Pl.s' Br.).

[37] (D.E. 63, Pl.s' Letter).

[38] *See Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992) ("[a]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties.").

in this matter involving state law, the information and documents obtained through discovery should be equally as relevant, if not more useful, in state court than in the present forum.

Third, the factor of fairness weighs in favor of remand. The Prospect LLCs conceded that the federal claims were baseless and should not be pursued, but nonetheless continued to oppose the dismissal of the federal claims. The inclusion of the Twenty First Count in the initial and First Amended Complaint appears to have been a good faith effort to include all the possible claims prior counsel could include in his initial pleading for the injuries suffered by Mai.  However, after reviewing the First Amended Complaint and having the benefit of reviewing initial discovery responses from the Prospect LLCs, which revealed the existence of a Lead Paint Disclosure form, purportedly executed by Ms. Boyd,[39] it became clear to new counsel for the Boyds that pursuing the federal claims was unwarranted as the claims were inapplicable/unnecessary to obtain justice for the Boyds.[40] Because of the unique circumstances presented in this case where original counsel died during the pendency of the action and substitute counsel acted swiftly to review the case and determine that the Twenty First Count was not viable, there was no manipulation.

Finally, the factor of comity weighs in favor of remand.  The nature of the claims against the Prospect LLCs, *i.e.*, negligence, breach of the warranty of habitability, nuisance, and recklessness, are all of the type that depend upon New Jersey state law.  The state has a strong interest in interpreting issues of state law, and the Superior Court of New Jersey has a much greater interest in adjudicating state law claims than does this Court. In light of the above, the Court should

---

[39] (D.E. 63, Pl.s' Letter).

[40] *Id.*

find that it would be appropriate to decline to exercise supplemental jurisdiction over the state law claims.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Boyds' motion to remand be **GRANTED**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[41] The District Court need not consider frivolous, conclusive, or general objections.[42]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/19/2020 9:13:52 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

---

[41] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[42] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (internal citations omitted).